## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE BROWN, | ) | Case No. 1:26-cv-1348 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| KEYBANK NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Terrance Brown filed suit, without a lawyer, against Defendant KeyBank National Association for breach of contract, conversion, and equitable relief. Plaintiff alleges that in February 2026 an offshore wire transfer in the amount of $20 million posted to his account at KeyBank.  When he tried to access these funds in May 2026, KeyBank's employees told Mr. Brown that "the account profile and its multi-million dollar ledger history 'do not Exist' within KeyBank's active systems." (ECF No. 1, ¶ 8, PageID #2.)  These circumstances give rise to Plaintiff's claims.

At the outset, Plaintiff seeks to proceed *in forma pauperis*.  (ECF No. 2.) Defendant opposes that request.  (ECF No. 5.)  At bottom, Defendant argues that Mr. Brown is a serial litigator who has filed frivolous claims in federal courts in Texas and now Ohio, meriting dismissal under 28 U.S.C. § 1915(e)(2)(B).  (*Id.*, PageID #72.) On the merits of Mr. Brown's application, Plaintiff's motion to proceed *in forma pauperis* constitutes a sworn statement of truth made under penalty of perjury.  (ECF

No. 2, PageID #34.)  Plaintiff attests that his and his spouse's gross monthly pay is less than $3,500.   (*Id.*, PageID #141.)  His monthly expenses consume almost the entirety of that amount, and he has minimal savings in the bank.  (*Id.*, PageID #37–38.)  Additionally, he has five young children.  (*Id.*, PageID #6.)  Based on this review of the motion, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## I.     Application to Proceed *in Forma Pauperis*

A court must screen the complaint of a litigant it permits to proceed *in forma pauperis*.  The Court "shall dismiss the case" if it (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Actions by non-prisoners must be screened.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## II.    Appointment of Counsel

As an initial matter, Mr. Brown requests that the Court appoint him counsel.  (ECF No. 4.)  He explains that he is unable to afford to hire counsel and provides evidence that he contacted several lawyers before filing this action.  (*See generally id.*)  A district court has the discretion to appoint counsel in a civil proceeding.  *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993); 28 U.S.C. § 1915(e)(1).  It is not a constitutional right.  Indeed, unlike a criminal case where a defendant has a constitutional right to the assistance of counsel, the Constitution does not require representation in a civil matter.  Appointment of counsel is a privilege that "is justified only by exceptional circumstances."  *Lavado,* 992 F.2d at 606. (citation

2

omitted).    When determining whether exceptional circumstances exist, courts generally examine "the complexity of the factual and legal issues involved" and "the plaintiff's ability to represent himself." *Id.* at 606 (cleaned up).  "Courts should not appoint counsel when the claims are frivolous or when the chances of success are extremely slim." *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (citation and quotation marks omitted).

The Court has no doubt that Mr. Brown would benefit from the assistance of a lawyer—most litigants would—and that he has exhausted normal channels for finding representation.  However, the Court discerns no exceptional circumstance warranting the appointment of counsel.  Nor does it appear that counsel would make a difference in the ultimate outcome.  Accordingly, the Court **DENIES** Plaintiff's request for the appointment of counsel.

## III.    Screening Under Section 1915

On screening under Section 1915, the Court dismisses the complaint for two reasons.  First, the exhibits to Mr. Brown's complaint make clear that he is the victim of fraud.  (ECF No. 1-2; ECF No. 1-3.)  Those exhibits show that he was contacted by a person purporting to leave a large sum of money to him upon the payment of certain purported fees.  (ECF No. 1-3, PageID #12.)  It is regrettable and unfortunate that Mr. Brown fell victim to this sort of fraud.  But his remedies do not lie against KeyBank.  For this reason, he fails to state a claim on which the Court may grant relief.

Second, it appears that in 2025 and 2026 Mr. Brown has filed several lawsuits in Texas pursuing similar claims against different financial institutions (one of which

3

names KeyBank as a defendant).  (ECF No. 5, PageID #72.)  Giving him the benefit of the doubt, Mr. Brown's financial circumstances appear to make him vulnerable to fraud schemes of the type giving rising to this lawsuit, and likely the others.  But that does not give him license to pursue meritless claims against financial institutions that have regulatory and ethical responsibilities to police fraud in the financial system in which they operate.  Based on a review of the record, the Court can only determine that Mr. Brown's claims are frivolous, and part of a pattern of frivolous claims, and must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), **DENIES** Plaintiff's motion for appointment of counsel (ECF No. 4), and **DISMISSES** the case under 28 U.S.C. § 1915(e)(2)(B).  Based on this disposition, the Court **DENIES AS MOOT** Plaintiff's motion for a temporary restraining order.  (ECF No. 2.)  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.  The Court directs the Clerk to provide notice of Plaintiff's complaint, and a copy of this Opinion and Order, to the Cleveland Field Office of the Federal Bureau of Investigation to consider investigating the fraud giving rise to this lawsuit.

**SO ORDERED.**

Dated:  August 12, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio